John D. Bennett, 8.
In this proceeding the son has cited the widow to show cause why letters on the estate of his father should not be granted to him. On the return day of the cita *861 tion, the petitioner’s attorney informed the court that the widow is presently confined to jail on a charge of homicide relating to the death of her husband and that she has pleaded not guilty by reason of insanity. In addition, there is a letter in the file addressed to the court from the widow, dated September 1, 1968, in which she refers to her present situation and asks for a slight postponement of any action in this matter until she can speak with a lawyer in whom apparently she has confidence, even though she admits she is presently represented in the criminal matter by an attorney.
SOPA 1003 requires service of process on every eligible distributee who has a right to administration prior to or equal to that of the petitioner and who has not renounced. Since the surviving spouse has the highest priority to letters of administration (SOPA 1001, subd. 1, par. [a]), she was required to be cited by her son. In addition, because she is presently confined as a prisoner and has failed to appear under circumstances which the court finds are due to her confinement in a penal institution, she is a person under disability (SOPA 103, subd. 37, par. [e]). There being no appearance on her behalf, the court is now required to appoint a guardian ad litem for her to protect her interests (SCPA 403, subd. 2). Such appointment will be made immediately by the court. Since the petitioner has stressed the urgency of the matter because of the needs of two infant children of tender age, it may be advisable that pending the report of the guardian ad litem and the outcome of any necessary hearing, he obtain temporary letters of administration.
A brief review of some of the cases clearly presents the problems faced by the court. In Matter of Briggs (171 App. Div. 52), the Appellate Division criticized the Surrogate for his refusal to inquire into the widow’s fitness for letters where she had been charged with murder and quoted the following statement of the Surrogate at page 55 s “ e I will hold I will not compel this proponent to meet the charge of murder in this civil action unless I am compelled to do so by higher authority ’ ”. In the Briggs case, the court said at page 54: “It would be a scandal upon our system of jurisprudence and bring our laws into ridicule and contempt if a person; proven to have murdered her husband should be invested by the law with the legal right to administer [the estate] ”. In Matter of Bobula (19 N Y 2d 818, 819), a similar situation was remanded to the Surrogate’s Court to determine “ whether the killing herein occurred under circumstances which would exculpate the killer from criminal liability, e.g., if he were insane.”
*862 Since the court has been informed that there is a defense of insanity in the criminal matter, it may be a relevant circumstance to any required hearing in this court. As above indicated, however, before embarking on such a full-scale inquiry, it may be in the best interests of all concerned, especially the infants, that for the present temporary letters issue to the petitioner in order that the administration of this estate proceed without delay. In the interim, it may be that the criminal matter will have resolved itself one way or another, thereby avoiding the necessity of an extended inquiry into the widow’s criminal culpability. Accordingly temporary letters of administration will issue to the petitioner upon his qualifying according to law.